**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

RAYMOND C. GREEN, INC., as TRUSTEE OF THE RAYMOND C. GREEN TRUST,

Plaintiff,

v.

LOUIS DELPIDIO and NICHOLAS FIORILLO,

Defendants.

Civil Action No. 1:22-cv-11685-WGY

Removed from Suffolk Superior Court Civil Action No. 2184CV2950

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Raymond C. Green, Inc., as Trustee of the Raymond C. Green Trust ("Plaintiff"), by and through its attorneys, hereby submits this Motion to Remand (the "Motion"). In support of the Motion, Plaintiff states as follows:

**BACKGROUND**

1. The Plaintiff commenced a civil action against the Defendants Louis Delpidio ("Delpidio") and Nicholas Fiorillo ("Fiorillo", and together with Delpidio, the "Defendants") and certain other reach-and-apply defendants by filing a Verified Complaint on December 30, 2021 (the "Complaint") in the Massachusetts Superior Court (Suffolk County) (the "State Court"), which is docketed as 2184CV02950 (the "State Court Action"). A copy of the Complaint is included in the removal paperwork filed by Fiorillo at Docket No. 3 in the above-captioned case.

2. The Complaint asserts counts against the Defendants for Breach of Guaranty related to certain guaranties delivered by Defendants to Plaintiff in connection with (i) a loan made by Plaintiff to Ocean Development Partners LLC on October 31, 2018 in the amount of

$2,550,000.00 (later increased to $2,710,000.00); and (ii) a loan made by Plaintiff to Ocean Development Partners LLC on December 12, 2018 in the amount of $2,200,000.00 (later increased to $2,450,000.00). The Complaint also asserts claims against certain other entity defendants for Massachusetts reach-and-apply law under Mass. G.L. c. 214 § 3.

3. The State Court issued the Summons and Order of Notice for the Complaint on January 5, 2022 in the State Court Action. Plaintiff filed its return of service with the state Court on January 12, 2022. Docket No. 7.

4. Plaintiff is a Massachusetts trust organized under the laws of the Commonwealth of Massachusetts, with a principal place of business in Massachusetts.

5. Defendants are both individuals who reside in Massachusetts.

6. On April 1, 2022, Fiorillo filed his Answer and Counterclaims as to Plaintiffs and Crossclaims as to Co-Defendant Louis Delpidio (the "Answer") at Docket No. 45 in the State Court Action. The Answer contains various counterclaims against Plaintiff, including claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*.

7. On May 25, 2022, Fiorillo dismissed each of the Counterclaims asserted against the Trust. A copy of the Notice of Dismissal is at Docket No. 60.

8. On October 3, 2022, Fiorillo filed a Notice of Removal in the State Court Action, and simultaneously filed a Notice of Removal in the above-captioned case at Docket No. 1 (the "Notice of Removal"), initiating the instant case before this Court.

9. The Notice of Removal alleges as a basis for removal that this Court has jurisdiction "under U.S. Const. Ann. Article III, Section 2, Clause 1" and "28 U.S. Code § 1443" for "civil actions commenced in a State court against any person who is denied or cannot enforce

in the courts of such State, a right under any law providing for the equal civil rights of citizens of the United States".

**ARGUMENT**

10. Under the removal statute, 28 U.S.C. § 1441(a), "any civil action brough in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The burden of proof for showing that removal is proper rests with the party invoking such jurisdiction, i.e. Fiorillo. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001). "Any doubts concerning the court's jurisdiction should be resolved against removal and in favor of remand to the state court." In re Mass. Diet Drug Litig., 338 F. Supp. 2d 198, 202 (D. Mass. 2004). Once removed to district court, a motion to remand the case back to state court must be made within 30 days, unless the cause for remand is lack of subject matter jurisdiction, in which case it shall be remanded at any time before final judgment is entered. 28 U.S.C. § 1447(c).

11. As a preliminary matter, under 28 U.S.C. § 1446, a defendant must remove an action to district court within 30 days "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading." It is undisputed that the Notice of Removal was filed on October 3, 2022, ten months after the Complaint was filed and served, and over six months after Fiorillo filed his Answer in response to the Complaint. Therefore, the Notice of Removal is untimely by a matter of many months and the case should be remanded to the State Court on that basis alone.

12. Furthermore, no subject matter jurisdiction exists in this Court and it must therefore remand this action back to the State Court pursuant to 28 U.S.C. § 1447(c). Under 28

U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332, the "district courts shall have original jurisdiction of all civil actions . . . between citizens of different states . . . ."

13. It is undisputed that neither of the above bases for jurisdiction apply. Plaintiff is a Massachusetts trust. Defendants are each residents of Massachusetts. Therefore, there is no diversity of citizenship. Furthermore, the Complaint alleges only causes of action arising under state law – breach of guaranty and Massachusetts reach-and-apply law. No federal question is raised in the Complaint.

14. Evidently recognizing that there is no basis for removal, the Notice of Removal instead relies upon "U.S. Const. Ann. Article III, Section 2, Clause 1" and 28 U.S. Code § 1443. Neither of these citations is availing, however. With respect to the former, this is a citation to the "judicial power" clause of the Constitution, which essentially reiterates the federal question and diversity jurisdiction codified in 28 U.S.C. §§ 1331 and 1332. As already established, neither basis for jurisdiction is present here.

15. With respect to the second citation, this is a statute limited specifically to removal of cases involving a civil rights dispute. The Complaint contains no claims arising under or in any way implicating such matters. To the extent that Fiorillo may be attempting to allege that his RICO counterclaims in his Answer somehow implicate equal rights, or else serve as a basis for federal question jurisdiction, he is simply mistaken for two reasons. First, as discussed above, Fiorillo has already dismissed each of his counterclaims. Second, even if the counterclaims had not been dismissed, there would be no basis for removal because "[a] motion to remand is decided by **reference to the complaint** at the time the petition for removal was filed."

Abdelnour v. Bassett Custom Boatworks, Inc., 614 F. Supp.2d 123, 126 (D. Mass. 2009) (emphasis added). The issue of removability is solely and exclusively premised upon the nature of allegations contained within the Complaint. See, e.g., Franchise Tax Bd. Of State of Cal. V. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983) ("For better or worse . . . a defendant may not remove a case to federal court unless the **plaintiff**'s complaint establishes that the case 'arises under' federal law.") (emphasis in original); Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("Under our dual sovereign system, the plaintiff is the 'master to decide what law he will rely upon.'"); Caterpillar, Inc. v. Williams, 482 U.S. 386, 399 (1987) ("[A] defendant **cannot**, merely by injecting federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." ) (emphasis in original).

16. For the reasons set forth above, there is no basis whatsoever for this action to proceed in this Court. Fiorillo had no reasonable basis on which to allege that federal subject matter jurisdiction exists in this action. His attempts to remove the State Court Action to this Court can be understood only as a dilatory tactic that seeks to harass Plaintiff and delay recovery in the State Court Action. Indeed, he filed his Notice of Removal after the close of discovery in the State Court action and after receiving a Motion for Summary Judgment and a Renewed Motion for Prejudgment Security.

17. Fiorillo is unquestionably familiar with the removal statute, as he has attempted to invoke it less than a year ago in a similar action. Fiorillo removed Case No. 2184CV02894 from the State Court to this Court by notice of removal dated December 29, 2021, filed at Docket No. 6 in that action. This Court subsequently remanded that action back to the State Court on January 18, 2022, finding that Fiorillo had failed to show any basis for jurisdiction justifying the

removal. See Case No. 21-12140-MLW at Docket No. 18. Fiorillo then filed a *second* notice of removal in the same case at Docket No. 150, this time alleging the same sources of jurisdiction under the Constitution and 28 U.S.C. § 1443. Fiorillo's conduct in this case is therefore representative of a conscious pattern of behavior on his part.

18. As outlined above, Fiorillo's attempts at removal are nothing more than tactics designed to harass and delay rather than good faith legal arguments. Accordingly, pursuant to 28 U.S.C. § 1447(c), this Court should also award Plaintiff its fees and costs incurred in association with the Notice of Removal and this Motion.

WHEREFORE, the Plaintiff respectfully requests that this Court issue an order (i) remanding the above-captioned case to the State Court forthwith; (ii) closing the above-captioned action before this Court; (iii) granting Plaintiff attorneys' fees and costs associated with the Notice of Removal and this Motion; and (iv) granting such other relief as the Court deems proper.

Dated: October 5, 2022

Respectfully submitted,

RAYMOND C. GREEN, INC., as Trustee for the RAYMOND C. GREEN TRUST

By and through its attorney,

*/s/ Nicholas J. Nesgos*

Nicholas J. Nesgos (BBO No. 553177)
ARENTFOX SCHIFF LLP
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
617-973-6100
Nicholas.nesgos@afslaw.com

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on the following parties and counsel in the above-captioned matter via email and first class mail.

Nicholas Fiorillo
3 Kales Way
Harwichport, MA 02646
metrowestrealty@yahoo.com

Jeffrey A. Denner, Esq.
Jeffrey Denner Associates, P.C.
607 North Ave.
Suite 18, 2nd Floor
Wakefield, MA 01880

Cameron C. Pease, Esq.
Rachel Zoob-Hill, Esq.
Goldman & Pease LLC
160 Gould Street, Suite 320
Needham, MA 02494
cpease@goldmanpease.com

Neil Kreuzer
Law Offices of Neil Kreuzer
268 Newbury Street, 4th Floor
Boston, MA
nkreuzer@aol.com

*/s/ Nicholas J. Nesgos*
Nicholas J. Nesgos